IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

JENNIE DINGESS,

    Plaintiff,

vs.

KROGER LIMITED PARTNERSHIP I,

    Defendant.

Case No: 3:22-cv-313
Jury Demand

## ANSWER OF DEFENDANT

Comes now the Defendant, Kroger Limited Partnership I, (hereinafter "Kroger") by and through its undersigned counsel, and hereby responds to allegations asserted against it by the Plaintiff in her Complaint as follows:

### I. THE PARTIES

1.1    Defendant is without sufficient knowledge or information to either admit or deny the citizenship and residency of the Plaintiff.

1.2    The allegations in Paragraph 1.2 of the Complaint are admitted.

### II. JURISDICTION

2.1    The allegations of Paragraph 2.1 of the Complaint are admitted.

### III. VENUE

3.1    Upon information and belief, the allegations of Paragraph 3.1 of the Complaint are admitted.

### IV. FACTUAL STATEMENTS

4.1    Upon information and belief, the allegations in Paragraph in Paragraph 4.1 of the Complaint are admitted.

4.2     It is admitted that Kroger operates its store that is the subject of this litigation, the remaining allegations in Paragraph 4.2 of the Complaint are denied.

4.3     The allegations of Paragraph 4.3 of the Complaint are denied.

4.4     The allegations of Paragraph 4.4 of the Complaint are denied.

4.5     The allegations of Paragraph 4.5 of the Complaint are denied.

4.6     The allegations of Paragraph 4.6 of the Complaint are denied.

4.7     Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 4.7 of the Complaint, and demands proof thereof.

4.8     Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4.8 of the Complaint, and demands proof thereof.

4.9     Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4.9 of the Complaint, and demands proof thereof.

4.10    Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4.10 of the Complaint, and demands proof thereof.

4.11    The allegations of Paragraph 4.11 of the Complaint are denied.

4.12    The allegations of Paragraph 4.12 of the Complaint are denied.

4.13    Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4.13 of the Complaint, and demands proof thereof.

4.14    The allegations of Paragraph 4.14 of the Complaint are denied.

4.15    The allegations of Paragraph 4.15 of the Complaint are denied.

4.16    The allegations of Paragraph 4.16 of the Complaint are denied.

4.17    The allegations of Paragraph 4.17 of the Complaint are denied.

4.18    The allegations of Paragraph 4.18 of the Complaint are denied.

4.19 The allegations of Paragraph 4.19 of the Complaint are denied.

4.20 The allegations of Paragraph 4.20 of the Complaint are denied.

4.21 The allegations of Paragraph 4.21 of the Complaint are denied.

4.22 The allegations of Paragraph 4.22 of the Complaint are denied.

4.23 The allegations of Paragraph 4.23 of the Complaint are denied.

4.24 The allegations of Paragraph 4.24 of the Complaint are denied.

4.25 The allegations of Paragraph 4.25 of the Complaint are denied.

4.26 The allegations of Paragraph 4.26 of the Complaint are denied.

## COUNT I

5.1 The allegations of Paragraph 5.1 of the Complaint are denied.

5.2 The allegations of Paragraph 5.2 of the Complaint, including subparagraphs a through d, are denied.

5.3 The allegations of Paragraph 5.3 of the Complaint are denied.

5.4 The allegations of Paragraph 5.4 of the Complaint are denied.

## COUNT II

6.1 Paragraph 6.1 of the Complaint does not contain any allegations which require a response.

## DAMAGES

7.1 The allegations of Paragraph 7.1 of the Complaint are denied.

7.2 The allegations of Paragraph 7.2 of the Complaint are denied.

7.3 The allegations of Paragraph 7.3 of the Complaint are denied.

7.4 The allegations of Paragraph 7.4 of the Complaint are denied.

8. Any allegations in the Complaint not admitted, denied, or explained above are hereby denied.

**AFFIRMATIVE DEFENSES**

9. It is affirmatively averred that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Kroger.

10. It is affirmatively averred that Plaintiff's Complaint is barred by any and all applicable statutes of limitation.

11. It is affirmatively averred that Kroger had no actual or constructive notice of any alleged unsafe or dangerous condition.

12. It is affirmatively averred that Kroger did not breach any duty owed to Plaintiff.

13. It is affirmatively averred that the direct and proximate cause of the accident is the negligence of Plaintiff, Jennie Dingess, for failing to keep a proper lookout, for failing to protect herself, for failure to use due care under the circumstances, and for failure to see what was then and there before her. Alternatively, the fault of Plaintiff Jennie Dingess, must be compared with the fault of the other parties, if any, in accordance with the principles of Tennessee Comparative Fault Law.

WHEREFORE, the Defendant requests that Plaintiff's Complaint be dismissed with costs taxed to the Plaintiff. The Defendant demands a jury of twelve (12) persons to decide the issue of this cause.

Respectfully submitted this 23rd day of September, 2022.

> s\Andrew N. Firkins
> CLINT J. WOODFIN (BPR #016346)
> ANDREW N. FIRKINS (BPR #033982)
> Attorneys for Defendant
> 800 South Gay Street, Suite 1400
> Knoxville, Tennessee 37929
> (865) 673-8516 (Office)
> (865) 673-8972 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022 the Clerk of Court was requested to file a copy of the foregoing Answer. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> s/ Andrew N. Firkins
> ANDREW N. FIRKINS (BPR #033982)

I:\89803\