## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

JENNIE DINGESS,

    Plaintiff,

vs.

KROGER LIMITED PARTNERSHIP I,

    Defendant.

Case No: 3:22-cv-313
Jury Demand

## AGREED ORDER FOR THE RELEASE AND PROTECTION
## OF MEDICAL AND EMPLOYMENT RECORDS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure; 45 C.F.R. §§ 160 and 164 of the Health Insurance Portability and Accountability Act ("HIPAA"), which specifically states that, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (I) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order"; 38 U.S.C. § 7332(b)(2)(D); Tenn. Code Ann. §§ 33-3-104 and 105; and that it has been determined that disclosure is necessary for the conduct of proceedings before this Court and that failure to make the disclosure would be detrimental to a party to these proceedings; and for other good cause shown,

**It is hereby ORDERED, ADJUDGED AND DECREED** that the lawfirm of **Spicer & Rudstrom, PLLC**, shall be allowed by written request only to inspect and/or obtain certified copies of all employment records, income tax returns, medical records, medical reports, medical charts, x-ray films, tissue slides or other laboratory specimens, diagnostic studies, pharmacy/prescription

records, mental health records (including any and all psychiatrists, psychologists, social workers and any other mental health professional of any kind or nature), other documents or writings, including but not limited to, protected health information, as that term is defined in 45 C.F.R. Part 160 and Part 164 (HIPAA Privacy Rule) and/or Tenn. Code Ann. § 33-3-103 (collectively, the "Medical Information"), related to the care and treatment of **Jennie Dingess** (DOB x/xx/1952 and social security number xxx-xx-0344). This includes medical records as they pertain to drug and alcohol and HIV/AIDS treatment.

The lawfirm of **Spicer & Rudstrom, PLLC**, shall notify Plaintiff's attorney of all requests for records contemporaneously with such request being made, pay all costs of obtaining copies of aforesaid documents and will provide copies of said employment records and Medical Information obtained pursuant to this Order to Plaintiff's attorney, **James Bryan Moseley**, at no charge and within ten (10) days of receipt of any information obtained.

**THIS ORDER DOES NOT PERMIT EX PARTE COMMUNICATIONS BETWEEN THE LAW FIRM OF SPICER & RUDSTROM, PLLC, OR THEIR REPRESENTATIVES AND THE HEALTH CARE PROVIDERS.**

**THIS ORDER DOES NOT PERMIT DISCLOSURE OF INSURANCE INFORMATION AND ANY INADVERTENT DISCLOSURE OF SUCH INFORMATION IS NOT A WAIVER OF THE INADMISSABILITY OF THIS INFORMATION AS A COLLATERAL SOURCE.**

The information obtained through use of this Order may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of the Plaintiff, the information produced pursuant to this Order shall not be disclosed to any person other than (a)

counsel for the parties, (b) employees or agents of counsel for the parties, (c) plaintiff and any current manager or claims representative of defendant, to the extent deemed necessary by counsel for the prosecution or defense of this litigation (Defendant shall seek leave of court if it needs someone other than a current manager or claims representative of Defendant to review the records), (d) experts and consultants retained for the prosecution or defense of this litigation, (e) any authors or recipients (in the ordinary course of the health care provider's business) of the Medical Information, or (f) the Court, court personnel, court reporters, and witnesses at trial.

The portion of this Order permitting release of records shall expire upon final disposition of this case, and the lawfirm of **Spicer & Rudstrom, PLLC**, shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order and all copies thereof will be destroyed or safely archived within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

This Order shall be binding on the parties to this litigation, their attorneys, and the employees, consultants and other persons employed or retained by the parties or their attorneys.

ENTERED this \_\_\_\_ day of _____, 2023.

_____
JUDGE

Page 3

Case 3:22-cv-00313-CEA-DCP   Document 18-1   Filed 05/24/23   Page 3 of 4   PageID #: 66

APPROVED FOR ENTRY:

**MOSELEY & MOSELEY**
**ATTORNEYS AT LAW**

By: J.B.M. b/p JCS
James Bryan Moseley, No. 021236
Attorney for Plaintiff

237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
bryan.moseley@moseleylawfirm.com

**Wykoff & Sikes, PLLC**

By: _____
Cort Sikes, No. 024703
Attorney for Plaintiff

P.O. Box 31526
Knoxville, Tennessee 37930
865/320-9444
cort@wykoffandsikes.com


**Spicer & Rudstrom, PLLC**

By: _____
Andrew Firkins, No. 033982
Clint J. Woodfin, No. 016346
Attorney for Kroger Limited Partnership, I

800 South Gay Street, Suite 1400
Knoxville, Tennessee 37929
865/244/4679
afirkins@spicerfirm.com
cwoodfin@spicerfirm.com